**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>vs.<br><br>STEVEN LANDERS,<br><br>               Defendant. | 3:07-cr-088-RRB -JDR<br><br>**ORDER GRANTING<br>DEFENDANT'S ORAL MOTION TO<br>CALL MR. VROMAN** |

On May 28, 2013, an evidentiary hearing was held to address Mr. Lander's claim of ineffective assistance of counsel. (*See* Docket No. 411). Phillip Weidner testified as to his knowledge concerning the testimony of Mr. Vroman, a manager at Chugach Electric Association in Anchorage. At the close of oral argument, defense counsel requested that he be given the opportunity to call Mr. Vroman to testify about the potential inconsistencies between the statements made at the evidentiary hearing on the motions to suppress and his testimony at trial.

During the evidentiary hearing, Mr. Vroman was asked whether "Chugach Electric [had] a power agreement with Mr. Landers?" *Transcript of Evidentiary Hearing on Motions to Suppress*, Docket 70 at 11. Mr. Vroman replied, "Yes, we had a signed application for service, yes." *Id.* At trial, Mr. Vroman was

asked on cross examination whether "[he] even [had] an actual written contract with Mr. Landers for [the] specific area [at issue]." *Transcript of Trial by Jury Day 1*, Docket 250 at 173. Mr. Vroman stated, "No, we don't require it for each service location." *Id.*

Mr. Vroman's prior testimony at trial reveals that there are a few reasons why Chugach Electric Association has permission to go on to a person's property to inspect power equipment. Docket 250 at 126-27. When asked why Chugach Electric Association has that right, Mr. Vroman answered:

> Well, a couple different reasons. When the customer joins our co-op, they agree to go by the rules and regulations of the co-op. We operate by — we have an operating tariff, which specifies that the customer's going to give us access to the meter and any roadside equipment that we may need to inspect. We have unencumbered access to it 24 hours a day.

*Id.* at 127. Mr. Vroman went on to testify that the service application itself spells out that the customer needs to provide Chugach Electric Association with access. However, Mr. Vroman was never asked at the evidentiary hearing or at trial to clarify what other justifications may exist that give Chugach Electric Association the right enter a property in order to inspect its power equipment or check for service theft.

Given the potential inconsistency in Mr. Vroman's testimony, a limited evidentiary hearing will be held in which the defense shall be allowed to call Mr. Vroman to testify about the statements discussed above, and what "different reasons," if any, give Chugach Electric Association the right to enter a property to

check its equipment or inspect for service theft. The evidentiary hearing is set for June 4, 2013 at 10:00 am in Courtroom 6. Mr. Dewey shall arrange for Mr. Vroman to be present and provide him with a copy of this order. It is so ordered.

DATED this __29__ day of May, 2013, at Anchorage, Alaska.

_/s/ John D. Roberts_
JOHN D. ROBERTS
United States Magistrate Judge